UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDY SALDANA,

                Petitioner,                **ORDER**

      - against -                16 Civ. 5039 (PGG)

UNITED STATES OF AMERICA,      10 Cr. 758 (PGG)

                Respondent.

PAUL G. GARDEPHE, U.S.D.J.:

        Sandy Saldana has filed this petition to vacate his sentence pursuant to 28 U.S.C. § 2255.  (Pet. (Dkt. No. 1), No. 16 Civ. 5039)[1]

        On August 25, 2010, Saldana waived indictment and pleaded guilty pursuant to an Information to conspiracy to commit Hobbs Act robbery (Information (Dkt. No. 19), Count One), three counts of Hobbs Act robbery (id., Counts Two-Four), and using and carrying a firearm during and in relation to the charged robbery conspiracy, in violation of 18 U.S.C. § 924(c).  (Id., Count Five; see also Plea Tr. (Dkt No. 26))

        On December 2, 2010, this Court sentenced Saldana to 51 months' imprisonment on Counts One through Four, plus a consecutive sentence of 60 months on Count Five, followed by five years' supervised release.  (Judgment (Dkt. No. 21))

        On June 22, 2016, Saldana filed the instant petition, arguing that his Section 924(c) conviction should be vacated in light of Johnson v. United States, 135 S. Ct. 2551 (2015). (Pet. (Dkt. No. 1) at 4, No. 16 Civ. 5039)

---

[1] Unless otherwise specified, all docket numbers reference Case No. 10 Cr. 758.

On May 28, 2019, Saldana moved to stay his petition, pending the outcome of United States v. Davis, 139 S. Ct. 2319 (2019). This Court granted Saldana's stay motion on May 29, 2019. (Dkt. Nos. 33, 34)

On August 12, 2019, following the Supreme Court's decision in Davis, this Court directed the Government to respond to Saldana's petition. (Dkt. No. 35)

In a September 10, 2019 letter, the Government reports that Saldana "completed his term of imprisonment on May 17, 2018, [and] [o]n June 16, 2018, Saldana was removed from the United States to the Dominican Republic." (Sept. 10, 2019 Govt. Ltr. (Dkt. No. 36) at 1 & Ex. D) The Government contends that Saldana's petition should be denied as moot, citing Perez v. Greiner, 296 F.3d 123 (2d Cir. 2002). (Id. at 2)

In Perez, petitioner had been convicted of a state robbery charge, was imprisoned, and was then deported to the Dominican Republic after serving his sentence. Perez also "had been previously convicted of Attempted Criminal Sale of a Controlled Substance in the Third Degree." Id. at 123. The Second Circuit held that Perez's challenge to his robbery conviction was moot, because his drug conviction "renders him permanently inadmissible to the United States." Id. at 126. Because Perez was "barred from this country on a wholly separate ground, the currently challenged robbery conviction can have no meaningful effect on his admissibility and hence cannot serve as a possible collateral consequence." Id.

Here, Saldana does not challenge his convictions for Hobbs Act robbery and Hobbs Act robbery conspiracy, which are "aggravated felon[ies]" for purposes of the relevant immigration laws. See 8 U.S.C. § 1101(a)(43). Accordingly, even if this Court were to vacate Saldana's Section 924(c) conviction, he would still be barred permanently from entering the

United States.  See 8 U.S.C. § 1182(a)(9)(ii).  Saldana, like the petitioner in Perez, therefore does not face any collateral consequence as a result of his Section 924(c) conviction.

Accordingly, Saldana's petition is denied as moot, and the Clerk of Court is directed to close this case (No. 16 Civ. 5039).

Dated: New York, New York
September 23, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge